1  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park CA  94025
   Telephone:  +1 650 614 7400
4  Facsimile:  +1 650 614 7401

5  ANNIE H. CHEN (STATE BAR NO. 292032)
   annie.chen@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 South Grand Avenue
7  Suite 2700
   Los Angeles, CA  90071
8  Telephone:  +1 213 629 2020
   Facsimile:  +1 213 612 2499
9
   Attorneys for Defendant
10 US FOODS, INC.

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13

14

15 STEVEN THOMAS ATTEBERY on          Case No.
   behalf of himself and others similarly
16 situated,                          **DEFENDANT US FOODS, INC.'s
                                      NOTICE OF REMOVAL**
17                 Plaintiff,

18       v.

19 US FOODS, INC. d/b/a/ US
   FOODSERVICE, INC., a Delaware
20 corporation; and DOES 1 through 50,
   inclusive,
21
                   Defendants.
22

23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant US Foods, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), and 1446(b) to effect removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Fresno. The removal is proper for the reasons stated below.

## I.    BACKGROUND

1.    On September 16, 2022, Plaintiff Steven Thomas Attebery, on behalf of himself and all others similarly situated, filed a Complaint in the Superior Court of California for the County of Fresno, entitled "*Steven Thomas Attebery v. US Foods, Inc.*, Case Number 22CECG02944. The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2.    Plaintiff brings various wage-and-hour claims stemming from his alleged employment with US Foods. *See generally* Complaint. The Complaint asserts causes of action on a class-wide basis for: (1) Failure to pay lawful wages; (2) Failure to provide lawful meal periods or compensation in lieu thereof; (3) Failure to provide lawful rest periods or compensation in lieu thereof; (4) Failure to reimburse employee expenses; (5) Failure to timely pay wages during employment; (6) Failure to timely pay wages at termination; (7) Failure to provide accurate, itemized wage statements; and (8) Violations of the Unfair Competition Law. *Id.*

3.    Plaintiff contends that US Foods implemented policies and practices which resulted in Plaintiff and putative class members not receiving minimum wage for all hours worked in violation of Labor Code section 1197. *Id.* ¶¶ 2, 13, 34. Plaintiff also alleges that US Foods' policies and practices resulted in Plaintiff and putative class members not receiving all lawful wages at the regular rate of pay

when working overtime and double-time hours under US Foods' control, in violation of Labor Code section 510. *Id.* ¶ 35. Plaintiff alleges that during the COVID-19 pandemic, beginning in March 2020, Plaintiff and putative class members were required to undergo COVID-19 screenings when beginning a shift at certain locations. *Id*. ¶ 13. Plaintiff further alleges that he was required to move trucks, hook up trailers, move equipment prior to clocking in for his shift, working up to 30-minutes off the clock, and that he and putative class members were not compensated for this off-the-clock time spent working and under US Foods' control. *Id.* Plaintiff also alleges that he was regularly required to use his personal cell phone for work-related purposes off the clock. *Id.*

4.      Plaintiff contends that due to the workload requirements and time constraints allegedly imposed by US Foods during each shift, Plaintiff and putative class members were required to work in excess of 5 hours without an uninterrupted 30-minute meal period and were not compensated one hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided, in violation of Labor Code section 512 and applicable IWC Wage Orders. *Id.* ¶¶ 14, 39.  Specifically, Plaintiff alleges that he and putative class member were required to continue working through their meal breaks. *Id*. ¶ 14. He further alleges that Plaintiff and putative class members, "rarely, if ever, received an uninterrupted 30-minute meal break when required." *Id.*

5.      Plaintiff also alleges that due to workload requirements and time constraints imposed by US Foods during each shift, Plaintiff and putative class members were required to work in excess of 10 hours without a second minimum, uninterrupted 30-minute meal period and were not compensated one hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided, in violation of Labor Code section 512 and applicable IWC Wage Orders. *Id*. ¶¶ 15, 40.  Plaintiff alleges that he and non-exempt employees were required to work shifts up to 13 hours and were not provided a second meal

1    period due to job demands.  *Id.* ¶ 15.

2        6.     Plaintiff further contends that due to the workload and time constraints

3    imposed by US Foods, Plaintiff and putative class members were "frequently

4    required to work without being permitted or authorized a minimum 10-minute rest

5    period for every four hours or major fraction thereof," in violation of Labor Code

6    section 226.7 and applicable IWC Wage Orders.  *Id.* ¶¶ 16, 45. Plaintiff further

7    alleges that he and putative class members were not compensated one hour of pay

8    at the regular rate of compensation for each workday that a rest break was not

9    provided. *Id.*  Plaintiff alleges that Plaintiff "rarely, if ever, received any rest breaks

10   due to the job demands and a shortage of staff." *Id.* ¶ 16. Plaintiff contends he was

11   required to drive and timely make deliveries which made taking a 10-minute rest

12   break during his shift extremely difficult. *Id.*

13       7.     Plaintiff also alleges that US Foods failed to lawfully reimburse

14   Plaintiff and putative class members for all business expenses necessarily incurred

15   by them by requiring them to use their personal cell phoned for business purposes,

16   in violation of Labor Code section 2802 and applicable IWC Wage Orders.  *Id.* ¶¶

17   17, 49. Specifically, Plaintiff alleges that he was required to regularly and

18   frequently use his cell phone for work-related purposes in order to communicate

19   with colleagues, managers and customers. *Id.* ¶ 17. Plaintiff further alleges that US

20   Foods did not reimburse Plaintiff for any of these necessary expenses. *Id.*

21       8.     As a result of the above-mentioned alleged violations, Plaintiff also

22   alleges derivative claims for failure to furnish accurate itemized wage statements

23   reflecting total hours worked and appropriate rates of pay in violation of Labor

24   Code section 226 and applicable IWC Wage orders (*Id.* ¶¶ 18, 63-67); failure to

25   timely pay all wages at termination in violation of Labor Code sections 201-202,

26   entitling Plaintiff and putative class members to "30 days' wages as penalty under

27   Labor Code section 203 for failure to pay legal wages" (*Id.* ¶¶ 19, 58-62); failure to

28   pay all lawful wages during employment when due and payable in violation of

Labor Code sections 204 and 210, (*Id*. ¶¶ 52-57); and unfair and unlawful business practices in violation of Business and Professions Code section 17200, *et seq*. (*Id*. ¶¶ 68-74).

## II.   REMOVAL IS TIMELY

9.   US Foods, through its agent for service of process, was served with the Complaint on September 20, 2022. US Foods, through its agent for service of process, was served again with the Complaint along with the Summons, Civil Case Cover Sheet and Notice of Case Management Conference on October 17, 2022.  In compliance with 28 U.S.C. § 1446(a), the Summons and Complaint are attached hereto together with all other pleadings, process and orders served on US Foods as **Exhibit A**.

10.   This Notice of Removal is timely under any removal time period.  28 U.S.C. § 1446(b); *SteppeChange LLC v. VEON Ltd*., 354 F. Supp. 3d, 1041 (N.D. Cal. 2018) (Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (thirty-day removal period not triggered by indeterminate complaint that "does not make clear whether the required jurisdictional elements are present").

## III.   CLASS ACTION FAIRNESS ACT JURISDICTION

11.   US Foods removes this action based upon the Class Action Fairness Act of 2005, codified in 28 U.S.C. § 1332(d).  This Court has original jurisdiction of this action under § 1332(d)(2). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) because it is a class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no defendant identified in the Complaint is a state, officer of a state, or a governmental agency. 28 U.S.C. § 1332(d)(5).

DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL

### DIVERSITY OF CITIZENSHIP

12.    CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

13.    <u>Plaintiff's Citizenship</u>.  Plaintiff alleges that he is, and at all times mentioned in the Complaint, was a resident of California. Complaint ¶ 8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* the domicile. *See Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. 2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to a presumption that Plaintiff is a California citizen"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). US Foods therefore alleges that Plaintiff is a citizen of California.

14.    <u>US Foods' Citizenship</u>. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (adopting "nerve center" test to determine corporation's principal place of business). The proper inquiry is to determine a corporation's "center of overall direction, control and coordination." *Id.*

15.    US Foods is now, and was at the time of the filing of the Complaint, a corporation incorporated under the laws of the State of Delaware. Complaint ¶ 9. US Foods' principal place of business is currently, and was at the time of filing of the Complaint, Rosemont, Illinois. *Id.* US Foods' corporate headquarters is located

DEFENDANT US FOODS, INC.'S NOTICE OF
REMOVAL

in Rosemont, Illinois. US Foods also maintains its corporate books and records in Rosemont, Illinois. US Foods' Board meetings are held in Rosemont, Illinois where the corporate offices are located. Therefore, US Foods is a citizen of Delaware and Illinois for the purposes of determining diversity of citizenship.

16.    <u>Doe Defendant's Citizenship</u>.  The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co*., 886 F.2d 1526, 1528 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

17.    Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant")

### *PROPOSED CLASS SIZE*

18.    CAFA's requirement that proposed class members be no less than 100 under 28 U.S.C. § 1332(d)(5)(B) is satisfied here because the alleged putative class has more than 100 members.

19.    Plaintiff seeks to represent "[a]ll employees who are or were employed by [US Foods] in California as hourly, non-exempt employees within four (4) years prior to the date this lawsuit is filed . . . until resolution of this lawsuit."  Complaint ¶¶ 1, 22. Plaintiff alleges that US Foods "currently employ[s], and/or during the relevant time period employed, approximately over 100 non-exempt employees in California." *Id*. ¶¶ 20, 27.   US Foods' records show that there have been at least approximately **3,442** US Foods California non-exempt employees from September 16, 2018 to the present.

### *THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION*

20.    In considering the amount in controversy, what matters is the amount put in controversy by plaintiff's complaint, not what amount the defendant will actually owe (if anything). "[T]he amount in controversy is simply an estimate of

the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc*., 627 F.3d 395, 400 (9th Cir. 2010); *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met"). Consequently, the existence of a defense that may apply to some or all of the claims is irrelevant. "[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum." *Lara v. Trimac Transp. Servs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366 at *3 (C.D. Cal. Aug. 6, 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 292, (1938) ("[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand.")).  If the rule were otherwise, then a court would need to decide the merits before deciding the jurisdictional issue, which is plainly untenable. *Lara*, 2010 WL 3119366 at *3, quoting *Larsen v. Hofman*, 444 F. Supp. 245 (D.D.C. 1977) ("Jurisdictional determinations would otherwise have to await the outcome of trial on the merits in which counterclaims, set-offs, etc. may or may not be raised and, even if raised, may ultimately be demonstrated to be invalid").

21.     The amount in controversy in this proposed class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. US Foods denies Plaintiff's claims in their entirety and asserts that Plaintiff's claims are not amenable to class treatment, but provides the following analysis of potential damages (without admitting liability) based on the allegations in Plaintiff's Complaint in order to demonstrate that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d).

22.     Plaintiff seeks to recover, on behalf of himself and the putative class, among many things, compensatory damages, economic and special damages,

1    premium wages, pay and penalties under the Labor Code, attorneys' fees, costs and

2    interest based on the allegations that US Foods violated various wage-and-hour

3    laws. *See* Complaint, Prayer for Relief.

4          23.    Plaintiff's Complaint is silent as to the total amount of damages

5    claimed. When the amount in controversy is not readily apparent from a complaint,

6    "the court may consider facts in the removal petition" to determine the potential

7    damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

8    (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A

9    defendant's notice of removal must provide "a plausible allegation that the amount

10   in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

11   *Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *Ibarra v. Manheim Invs., Inc.*,

12   775 F.3d 1193, 1197-98 (9th Cir. 2015) ("[A] defendant can establish the amount in

13   controversy by an unchallenged, plausible assertion of the amount in controversy in

14   its notice of removal."). The defendant's amount in controversy allegation should

15   be accepted when not contested by the plaintiff or questioned by the court. *Dart*,

16   574 U.S. at 87. Thus, US Foods is required only to allege plausibly that the amount

17   in controversy exceeds $5,000,000.

18         24.    Statutory penalties may be considered by the Court when determining

19   the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d

20   1042, 1046 n.3 (9th Cir. 2000); *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199,

21   1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may

22   consider the maximum statutory penalty available in determining whether the

23   jurisdictional amount in controversy requirement is met"). The Court should also

24   include requests for attorneys' fees in determining the amount in controversy. *See*

25   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

26         25.    US Foods' records show that during the proposed class period from

27   September 16, 2018 to the present, US Foods employed at least approximately

28   3,442 non-exempt employees in California. The approximate average hourly rate of

DEFENDANT US FOODS, INC.'S NOTICE OF
REMOVAL

pay for these US Foods non-exempt putative class members is $26.87. The aggregate number of workweeks for these non-exempt putative class members is approximately 341,915 workweeks. From September 16, 2018 to the present, approximately 1,217 US Foods non-exempt employees in California separated from employment with US Foods.

26.     <u>Alleged Failure to Pay Lawful Wages Including Overtime</u>:  Plaintiff's first cause of action for failure to provide all lawful wages alleges that US Foods' policies and/or practices resulted in Plaintiff and putative class members not receiving all lawful wages.  Complaint ¶¶ 33-37.   Plaintiff contends that US Foods implemented policies and practices which resulted in Plaintiff and putative class members not receiving minimum wage for all hours worked in violation of Labor Code section 1197. *Id.* ¶¶ 2, 13, 34.  Plaintiff also alleges that US Foods' policies and practices resulted in Plaintiff and putative class members not receiving all lawful wages at the regular rate of pay when working overtime and double-time hours under US Foods' control, in violation of Labor Code section 510.  *Id.* ¶ 35.

27.     Specifically, Plaintiff alleges that during the COVID-19 pandemic, beginning in March 2020, Plaintiff and putative class members were required to undergo COVID-19 screenings when beginning a shift at certain locations. *Id.* ¶ 13. Plaintiff further alleges that he was required to move trucks, hook up trailers, move equipment prior to clocking in for his shift, working up to 30-minutes off the clock, and that he and putative class members were not compensated for this off-the-clock time spent working and under US Foods' control. *Id.*  Plaintiff also alleges that he was regularly required to use his personal cell phone for work-related purposes off the clock, spending approximately 2.5 hours on the phone with the transportation manager. *Id.*

28.     Given Plaintiff's allegations about the uniform policies and practices of not paying Plaintiff and putative class members, US Foods conservatively assumes Plaintiff and each putative class member are claiming one hour of unpaid

overtime every two workweeks. The average hourly rate of pay for the putative

class members is $26.87. There were at least approximately 341,915 work weeks.

Accordingly, Plaintiff's claim for overtime wages over a four-year period puts at

least **$6,890,442.04** in controversy for this claim. ([1 hour of overtime/2

workweeks] x [341,915 workweeks] x [1.5 x $26.87 hourly rate] = $6,890,442.04).

29.     This approach is likely conservative, given that Plaintiff also alleges

that class members were owed double time premium pay but US Foods failed to

compensate Plaintiff and putative class members when working double-time hours

under US Foods' control.  Complaint ¶ 35.

30.     <u>Alleged Failure to Provide Lawful Meal Periods</u>: Plaintiff's second

cause of action for failure to provide lawful meal periods alleges that due to the

workload requirements and time constraints imposed by US Foods during each

shift, Plaintiff and putative class members were required to work in excess of 5

hours without an uninterrupted 30-minute meal period and were not compensated

one hour of pay at their regular rate of compensation for each workday that a

compliant meal period was not provided, in violation of Labor Code section 512

and applicable IWC Wage Orders. *Id.* ¶¶ 14, 39.  Specifically, Plaintiff alleges that

he and putative class member were required to continue working through their meal

breaks. *Id.* ¶ 14. He further alleges that Plaintiff and putative class members,

"***rarely, if ever***, received an uninterrupted 30-minute meal break when required."

*Id.* (emphasis added).

31.     Plaintiff also alleges that due to workload requirements and time

constraints imposed by US Foods during each shift, Plaintiff and putative class

members were required to work in excess of 10 hours without a second

uninterrupted 30-minute meal period and were not compensated one hour of pay at

their regular rate of compensation for each workday that a compliant meal period

was not provided, in violation of Labor Code section 512 and applicable IWC

Wage Orders.  *Id.* ¶¶ 15, 40.  Plaintiff alleges that he and non-exempt employees

DEFENDANT US FOODS, INC.'S NOTICE OF
REMOVAL

1  were required to work shifts up to 13 hours and were not provided a second meal

2  break due to job demands.  *Id.* ¶ 15.

3      32.    Given Plaintiff's allegations about workload requirements and time

4  constraints imposed by US Foods each shift which resulted in Plaintiff and putative

5  class members "rarely, if ever" receiving an uninterrupted 30-minute meal break

6  when required, US Foods conservatively assumes that Plaintiff alleges that he and

7  each putative class member experienced at least one noncompliant first or second

8  unpaid meal period every two workweeks for which they allege they are entitled to

9  unpaid meal premiums. Using the aggregate number of workweeks and the average

10  hourly rate of pay for the putative class members, the total amount of meal

11  premiums that Plaintiff is alleging would result in potential liability of

12  approximately **$4,593,628.09**. ([1 meal violation/2 workweeks] x [341,915

13  workweeks] x [$26.87 hourly rate for meal period premiums] = $4,593,628.09).

14      33.    <u>Alleged Failure to Provide Lawful Rest Breaks</u>: Plaintiff's third cause

15  of action for failure to provide lawful rest breaks alleges that due to the workload

16  and time constraints imposed by US Foods, Plaintiff and putative class members

17  were "***frequently*** required to work without being permitted or authorized a

18  minimum 10-minute rest period for every four hours or major fraction thereof," in

19  violation of Labor Code section 226.7 and applicable IWC Wage Orders.  *Id.* ¶¶ 16,

20  45 (emphasis added). Plaintiff further alleges that he and putative class members

21  were not compensated one hour of pay at the regular rate of compensation for each

22  workday that a rest break was not provided. *Id.*  Plaintiff alleges that Plaintiff

23  "rarely, if ever, received any rest breaks due to the job demands and a shortage of

24  staff." *Id.* ¶ 16. Plaintiff contends he was required to drive and timely make

25  deliveries which made taking a 10-minute rest break during his shift extremely

26  difficult. *Id.*

27      Given Plaintiff's allegations about workload requirements and time

28  constraints imposed by US Foods each shift which resulted in Plaintiff and putative

1   class members "frequently" being required to work without a minimum 10-minute

2   rest break for every four hours or major fraction thereof, US Foods conservatively

3   assumes that Plaintiff alleges that he and each putative class member experienced at

4   least one noncompliant first or second rest break every two workweeks for which

5   they allege they are entitled to unpaid rest premiums. Using the aggregate number

6   of workweeks and the average hourly rate of pay for the putative class members,

7   the total amount of rest break premiums that Plaintiff is alleging would result in

8   potential liability of approximately **$4,593,628.09**. ([1 rest break violation/2

9   workweeks] x [341,915 workweeks] x [$26.87 hourly rate for rest break premiums]

10  = $4,593,628.09).

11       34.   <u>Alleged Failure to Timely Pay Wages at Termination</u>: Plaintiff's sixth

12  cause of action is for failure to timely pay all wages at termination in violation of

13  Labor Code sections 201-202. *Id.* ¶¶ 58-62.  Plaintiff alleges that because Plaintiff

14  and putative class members have not yet been paid for all wages earned, including

15  overtime, minimum wage, and meal and rest premiums, they are entitled to Labor

16  Code section 203 penalties. *Id.* ¶ 60.  Specifically, Plaintiff alleges that "[m]ore

17  than 30 days have passed since Plaintiff and affected [putative] class members have

18  left [US Foods'] employ, and . . . have not received payment pursuant to Labor

19  Code section 203." *Id.* ¶ 61.  Plaintiff alleges that as a consequence of US Foods'

20  willful conduct in not paying all earned wages, certain putative class members "are

21  entitled to 30 days' wages as a penalty under Labor Code section 203." *Id.* ¶ 61.

22       35.   US Foods records show that at least 1,217 US Foods non-exempt

23  employees in California ended their employment with US Foods from September

24  16, 2018 through the present. Given Plaintiff's allegations described above about

25  the uniform policies and practices of Defendants' alleged failure to pay non-exempt

26  putative class members wages for all hours worked and to provide meal periods and

27  rest breaks, it is reasonable to assume that each employee leaving employment

28  would claim to have experienced at least one incident resulting in underpayment

during their employment. *Id*. ¶¶ 13-16, 33-47. Estimating that each of those US Foods non-exempt employees worked an average of only eight hours per day at the approximate average hourly rate of pay of $26.87, and assuming that these employees all claim entitlement to the 30-days' worth of penalties based on Plaintiff's allegations, Plaintiff's claim would result in an amount in controversy of approximately **$7,848,189.60**. (1,217 former employees x [8 hours x $26.87 final hourly rate of pay] x 30 days = $7,848,189.60).

36.     As the calculations above demonstrate, there is well over $5 million in controversy in this action: $6,890,442.04 (overtime) + $4,593,628.09 (meal period premiums) + $4,593,628.09 (rest break premiums) + $7,848,189.60 (waiting time penalties) = **$23,925,887.82**. The amount in controversy does not address Plaintiff's fourth cause of action for failure to pay employee expenses; fifth cause of action for failure to timely pay wages during employment, and seventh cause of action for failure to provide accurate, itemized wage statements.

37.     The amount in controversy is also satisfied without addressing potential attorneys' fees, which are provided by statute and in the Ninth Circuit typically are 25% of any judgment in favor of the plaintiff. *See Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600, at *13 (N.D. Cal., June 14, 2013) (for CAFA amount in controversy, adding 25% of the amount in controversy on the claims for relief to account for attorneys' fees).  Here, including potential attorneys' fees would increase the amount in controversy by an additional **$5,981,471.96**. $23,925,887.82 amount in controversy x .25 = $5,981,471.96).  CAFA's amount-in-controversy requirement is easily satisfied.

## V.     VENUE

38.     Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of Fresno, which is embraced by the Eastern District of California.

## VI.   **NOTICE OF REMOVAL**

39.     This Notice of Removal shall be served promptly on Plaintiff's Counsel of Record and filed with the Clerk of the Superior Court of the State of California in and for the County of Fresno.

Dated:  October 20, 2022

JOSEPH C. LIBURT
ANNIE H. CHEN
Orrick, Herrington & Sutcliffe LLP


By:_____*/s/ Joseph C. Liburt*_____
JOSEPH C. LIBURT
Attorneys for Defendant
US FOODS, INC.

DEFENDANT US FOODS, INC.'S NOTICE OF
REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

US FOODS, INC. d/b/a US FOODSERVICE, INC., a Delaware
corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVEN THOMAS ATTEBERY on behalf of himself and all others
similarly situated

E-FILED
9/28/2022 1:35 PM
Superior Court of California
County of Fresno
By: S. Garcia, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* B.F. Sisk Courthouse | CASE NUMBER:<br>*(Número del Caso):*<br>22CECG02944 |
|---|---|

1130 O Street
Fresno, California 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200, Irvine California 92618; Tel: (949)387-7200

| DATE: 9/28/2022<br>*(Fecha)* | Clerk, by S. Garcia<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* US FOODS, INC. d/b/a US FOODSERVICE, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James Hawkins, SBN 192925; Isandra Fernandez, SBN220482<br>Kacey E. Cook, SBN337905; Anthony L. Draper, SBN334391<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200, Irvine, CA 92618<br>TELEPHONE NO.: (949)387-7200    FAX NO.: (949) 387-6676<br>ATTORNEY FOR *(Name):* Steven Thomas Attebery | E-FILED<br>9/16/2022 4:27 PM<br>Superior Court of California<br>County of Fresno<br>By: Marta Sanchez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Attebery v. US Foods, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22CECG02944 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 16, 2022

Kacey E. Cook, Esq.
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

EXHIBIT A

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A

1  James R. Hawkins, Esq. SBN 192925
   Isandra Fernandez, Esq. SBN 220482
2  Kacey E. Cook, Esq. SBN 337905
   Anthony L. Draper, Esq. SBN 334391
3  **JAMES HAWKINS APLC**
   9880 Research Drive, Suite 200
4  Irvine, CA 92618
   TEL: (949) 387-7200
5  FAX: (949) 387-6676

6  Attorneys for Plaintiff, STEVEN THOMAS ATTEBERY
   on behalf of himself and all others similarly situated
7

E-FILED
9/16/2022 4:27 PM
Superior Court of California
County of Fresno
By: Marta Sanchez, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    FOR THE COUNTY OF FRESNO

10

STEVEN THOMAS ATTEBERY on behalf of
11  himself and all others similarly situated

12          Plaintiff,

13

14  vs.

15  US FOODS, INC. d/b/a US FOODSERVICE,
    INC., a Delaware corporation; and DOES 1
16  through 50, inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

Case No.  **22CECG02944**
ASSIGNED FOR ALL PURPOSES TO:
JUDGE:
DEPT:

**CLASS ACTION COMPLAINT**

1)  **Failure to Pay Lawful Wages**
2)  **Failure to Provide Lawful Meal
    Periods or Compensation in Lieu
    Thereof**
3)  **Failure to Provide Lawful Rest
    Periods or Compensation in Lieu
    Thereof**
4)  **Failure to Pay Employee Expenses**
5)  **Failure to Timely Pay Wages During
    Employment**
6)  **Failure to Timely Pay Wages at
    Termination**
7)  **Failure to Provide Accurate, Itemized
    Wage Statements**
8)  **Violations of the Unfair Competition
    Law**

**JURY TRIAL DEMANDED**

26

27

28

- 1 -

CLASS ACTION COMPLAINT

EXHIBIT A

1    Plaintiff STEVEN THOMAS ATTEBERY on behalf of himself and all others similarly
2    situated assert claims against Defendants US FOODS, INC. d/b/a US FOODSERVICE, INC.,
3    and DOES 1 through 50, inclusive (hereinafter collectively referred to as "Defendants") as
4    follows:

**I.**

**<u>INTRODUCTION</u>**

7        1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, brought
8    against Defendants US FOODS, INC. d/b/a US FOODSERVICE, INC. and any subsidiaries and
9    affiliated companies (hereinafter "USF" or "Defendants") on behalf of Plaintiff STEVEN
10   THOMAS ATTEBERY (hereinafter "Plaintiff") and all employees not classified as "Exempt" or
11   primarily employed in executive, professional, or administrative capacities, employed by, or
12   formerly employed by USF in California. (hereinafter referred to as "Non-Exempt Employees"
13   and/or "Class Members").

14       2.      During the liability period, defined as the applicable statute of limitations for each
15   and every cause of action contained herein, Defendants enforced shift schedules, employment
16   policies and practices, and workload requirements wherein Plaintiff and all other Non-Exempt
17   Employees: (1) were not paid proper wages they earned for all hours they worked; (2) were not
18   permitted to take their full statutorily authorized rest and meal periods, or had their rest and meal
19   periods shortened or provided to them late due to the scheduling and work load and time
20   requirements placed upon them by Defendants. Defendants failed to pay such employees one (1)
21   hour of pay at the employees regular rate of compensation for each workday that the meal period
22   and/or rest period that was not properly provided; and employees were not properly reimbursed
23   for out-of-pocket expenses.

24       3.      During the liability period, Defendants have failed to reimburse Class Members
25   for business expenses incurred in the performance of their job duties.

26       4.      During the liability period, Defendants have also failed to maintain accurate
27   itemized records reflecting total hours worked and have failed to provide Non Exempt

28

CLASS ACTION COMPLAINT

EXHIBIT A

1  Employees with accurate, itemized wage statements reflecting total hours worked and

2  appropriate rates of pay for those hours worked.

3       5.     Plaintiff, on behalf of himself and all Class Members, brings this action pursuant

4  to Labor Code sections 201, 202, 203, 204, 210, 221, 225, 226, 226.7, 510, 512, 1194, 1198,

5  1199, 2802, California Code of Regulations, Title 8, section 11090 *et seq.* and any other

6  applicable Industrial Welfare Commission ("IWC") Wage Orders, seeking unpaid lawful wages,

7  unpaid rest and meal period compensation, penalties and other equitable relief, and reasonable

8  attorneys' fees and costs.

9       6.     Plaintiff, on behalf of himself and others similarly situated, pursuant to Business

10  and Professions Code sections 17200-17208, also seeks restitution from Defendants for their

11  failure to pay all overtime wages and rest and meal period premiums to each of their Non-

12  Exempt Employees.

13  **II.**

14  **VENUE**

15       7.     Venue as to each Defendant is proper in this judicial district pursuant to Code of

16  Civil Procedure section 395. Defendant conducts substantial and continuous commercial

17  activities in Fresno County, California and each Defendant is within the jurisdiction of this Court

18  for service of process purposes. Defendants employ numerous Class Members in Fresno County,

19  California.

20  **III.**

21  **PARTIES**

22       8.     Plaintiff is, and at all times mentioned in this complaint was, a resident of

23  California.

24       9.     Defendant USF is a Delaware corporation which is headquartered in Rosemont,

25  Illinois.

26       10.     The true names and capacities of Defendants, whether individual, corporate,

27  associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

28  Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure

- 3 -

CLASS ACTION COMPLAINT

1 │ section 474. Plaintiff is informed and believes, and based thereon alleges that each of the

2 │ Defendants designated herein as a DOE is legally responsible in some manner for the unlawful

3 │ acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the

4 │ true names and capacities of the Defendants designated hereinafter as DOES when such

5 │ identities become known.

6 │       11.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

7 │ acted in all respects pertinent to this action as the agent of the other Defendants, carried out a

8 │ joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

9 │ Defendant are legally attributable to the other Defendants.

10 │ **IV.**

11 │ **FACTUAL BACKGROUND**

12 │       12.    Plaintiff was employed by USF from approximately January 2014 through on or

13 │ about September 16, 2021. During his employment with Defendants, Plaintiff occupied the non-

14 │ exempt position of Truck Driver/Delivery Driver. His duties and responsibilities included, but

15 │ were not limited to, delivering food and food products to different locations via truck.

16 │       13.    During the liability period, Defendants implemented policies and practices which

17 │ resulted in Plaintiff and Non Exempt Employees not receiving minimum wage for all hours

18 │ worked. For instance, during the COVID-19 pandemic beginning in March 2020, Plaintiff and

19 │ Class Members were required to undergo COVID-19 screenings when beginning a shift at

20 │ certain locations. Furthermore, Plaintiff was required to move trucks, hook up trailers, and move

21 │ equipment prior to clocking in for his shift, working often up to thirty (30) minutes off the clock

22 │ prior to the start of his shift. Plaintiff and Class Members were not compensated for this off-the-

23 │ clock time spent working and under Defendant's control. Furthermore, Plaintiff was regularly

24 │ required to use his personal cell phone for work-related purposes off the clock. Plaintiff spent

25 │ approximately two-and-a-half (2.5) hours on the phone with the transportation manager. Plaintiff

26 │ was not compensated for this time.

27 │       14.    During the liability period, due to the work load requirements and time constraints

28 │ imposed by Defendant during each shift, Plaintiff and Class Members were required to work in

1   excess of five (5) hours without a minimum, uninterrupted thirty (30) minute meal period and

2   were not compensated one (1) hour of pay at their regular rate of compensation for each workday

3   that a compliant meal period was not provided, in violation of California labor laws, regulations

4   and IWC Wage Order. For instance, Plaintiff and, on information and belief, other Non-Exempt

5   Employees were required to continue working through their meal breaks. Plaintiff and other

6   Non-Exempt Employees rarely, if ever, received an uninterrupted thirty (30) minute meal break

7   when required.

8          15.     During the liability period, due to the work load requirements and time constraints

9   imposed by Defendant during each shift, Plaintiff and Class Members were required to work in

10   excess of ten (10) hours without a second minimum, uninterrupted thirty (30) minute meal period

11   and were not compensated one (1) hour of pay at their regular rate of compensation for each

12   workday that a compliant meal period was not provided, in violation of California labor laws,

13   regulations and IWC Wage Order. For instance, Plaintiff and Non-Exempt Employees were

14   required to work shifts up to thirteen (13) hours and were not provided a second meal break due

15   to the demands of the job.

16          16.     Due to the workload requirements and time constraints imposed by Defendant,

17   Plaintiff and Class Members were frequently required to work without being permitted or

18   authorized a minimum ten (10) minute rest period for every four hours or major fraction thereof.

19   Plaintiff and Class Members were not compensated one (1) hour of pay at their regular rate of

20   compensation for each workday that a rest period was not provided, in violation of California

21   labor laws, regulations, and IWC Wage Orders. For instance, Plaintiff rarely, if ever, received

22   any rest breaks due to the job demands and a shortage of staff. Plaintiff was required to drive and

23   timely make deliveries which made taking a ten-minute rest break during his shift extremely

24   difficult.

25          17.     During the liability period, Defendants failed to lawfully reimburse Plaintiff and

26   Non-Exempt employees for all business expenses necessarily incurred by Plaintiff and Non-

27   Exempt Employees. For instance, Plaintiff was required to regularly and frequently use his cell

28

EXHIBIT A

1   phone for work-related purposes in order to communicate with colleagues, managers, and

2   customers. Defendants did not reimburse Plaintiff for any of these necessary expenses.

3       18.    Defendants have also failed to maintain accurate itemized records reflecting total

4   hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage

5   statements reflecting total hours worked and appropriate rates of pay for those hours worked.

6       19.    On Plaintiff's day of termination, Plaintiff did not receive his final paycheck and

7   was not compensated for waiting to receive his final paycheck.

8       20.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

9   currently employ and during the relevant period have employed over one hundred (100)

10   employees in the State of California in non-exempt hourly positions.

11       21.    Non-Exempt Employees employed by USF, at all times pertinent hereto, have

12   been non-exempt employees within the meaning of the California Labor Code, and the

13   implementing rules and regulations of the IWC California Wage Orders.

14   **V.**

15   **CLASS ACTION ALLEGATIONS**

16       22.    Plaintiff seeks to represent a Class comprised of and defined as: All employees

17   who are or were employed by USF in the state of California as hourly non-exempt employees

18   within four (4) years prior to the date this lawsuit is filed ("liability period") until resolution of

19   this lawsuit (collectively referred to as the "Class" and/or Class Members").

20       23.    Plaintiff also seeks to represent Subclasses which are composed of persons

21   satisfying the following definitions:

22       a.    All Class Members employed by USF in the state of California as hourly

23   non-exempt employees and were not accurately and fully paid all lawful wages owed to them

24   including proper minimum wages and overtime wages for all their hours worked;

25       b.    All Class Members employed by USF in the state of California as hourly

26   non-exempt employees who, within the liability period, have not been provided an uninterrupted

27   30-minute meal period when they worked over five hours in a work shift and were not provided

28   compensation in lieu thereof;

1         c.     All Class Members employed by USF in the state of California as hourly

2 non-exempt employees who, within the liability period, have not been provided an uninterrupted

3 30-minute meal period when they worked over ten hours in a work shift and were not provided

4 compensation in lieu thereof;

5         d.     All Class Members employed by USF in the state of California as hourly

6 non-exempt employees who, within the liability period, have not been provided a minimum ten

7 (10) minute rest period for every four (4) hours or major fraction thereof worked per day and

8 were not provided compensation in lieu thereof;

9         e.     All Class Members employed by USF in the state of California as hourly

10 non-exempt employees who, within the liability period, were not provided with accurate and

11 complete itemized wage statements.

12         f.     All Class Members employed by USF in the state of California who,

13 within the liability period, were not timely paid all wages due and owed to them during their

14 employment with Defendant; and

15         g.     All Class Members employed by USF in the state of California who,

16 within the liability period, were not timely paid all wages due and owed to them upon the

17 termination of their employment with Defendant.

18    24.     Plaintiff further seeks to represent a subclass for all employees of USF in the state

19 of California who, within the liability period, did not receive full reimbursement for employee

20 expenses ("Expense Reimbursement Class").

21    25.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend

22 or modify the class description with greater specificity or further division into subclasses or

23 limitation to particular issues.

24    26.     This action has been brought and may properly be maintained as a class action

25 under the provisions of section 382 of the Code of Civil Procedure because there is a well-

26 defined community of interest in the litigation and the proposed Class is easily ascertainable.

27    **A. <u>Numerosity</u>**

28

- 7 -

CLASS ACTION COMPLAINT

27.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and/or during the relevant time period employed, approximately over 100 Non-Exempt Employees in California who are or have been affected by Defendants' unlawful practices as alleged herein.

**B. Commonality**

28.    There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i. Whether Defendants also violated Labor Codes §§ 200, 1194, and 1197 for failing to pay minimum wages for time spent under the Defendants' control;

ii. Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Order by failing to provide statutorily compliant 30-minute meal periods to Non-Exempt Employees on days in which they worked more than 5 hours and failing to compensate said employees one hour's wages in lieu of meal periods;

iii. Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Order by failing to provide statutorily compliant 30-minute meal periods to Non-Exempt Employees on days in which they worked more than 10 hours and failing to compensate said employees one hour's wages in lieu of meal periods;

iv. Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Orders by failing to provide statutorily compliant 30-minute meal periods to Non-Exempt Employees on days in which they worked more than 10 hours and failing to compensate said employees one hour's wages in lieu of meal periods;

v. Whether Defendants violated Labor Code § 226.7 and applicable IWC Wage Orders by failing to authorize and permit minimum 10-minute rest periods to Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

CLASS ACTION COMPLAINT

vi. Whether Defendants violated Labor Code § 226 and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Non-Exempt Employees' earned wages, work periods, meal periods and deductions;

vii. Whether Defendant violated Labor Code §§ 201-203 by failing to pay all earned wages and/or premium wages due and owing at the time that any Class Members' employment with Defendant terminated;

viii. Whether Defendant violated Labor Code § 2802 and applicable IWC Wage Orders for failing to indemnify employees for the expenditures incurred in the performances of their job duties;

ix. Whether Defendant violated section 210 of the Labor Code by failing to pay all earned wages and/or premium wages due and owing when such wages were due and payable;

x. Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code and Labor Code sections §§ 201, 202, 203, 204, 221, 225, 226, 226.7, 510, 512, 1194, 1199, 2802, and applicable IWC Wage Orders, violation of which constitutes a violation of fundamental public policy;

**C. Typicality**

29.     The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

30.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

31.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only

CLASS ACTION COMPLAINT

EXHIBIT A

1    individual members of the Class. Each member of the Class has been damaged and is entitled to

2    recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

3        32.    Class action treatment will allow those similarly situated persons to litigate their

4    claims in the manner that is most efficient and economical for the parties and the judicial system.

5    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

6    action that would preclude its maintenance as a class action.

7

**VI.**

8

### CAUSES OF ACTION
**First Cause of Action**

9

Failure to Pay Lawful Wages Including Overtime

10

(Lab. Code §§ 510, 1194, 1199)
<u>(Against All Defendants)</u>

11

12        33.    Plaintiff repeats and incorporates herein by reference each and every allegation

13    set forth above, as though fully set forth herein.

14        34.    During the liability period, Defendants' policies and/or practices resulted in

15    Plaintiff and Non-Exempt Employees not receiving minimum wages for time spent working off

16    the clock while subject to the control of Defendant all without pay. Labor Code § 1197 provides

17    that employees are to be paid minimum wage for each hour worked.

18        35.    During the liability period, Defendants' polices and/or practices resulted in

19    Plaintiff and Non-Exempt Employees not receiving all lawful wages at the regular rate of pay

20    when working overtime and double-time hours under Defendant's control. Labor Code § 510

21    provides that employees are to be paid one-half times and twice the regular rate of pay when

22    working overtime hours.

23        36.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

24    represent have been deprived of compensation for all earned wages including minimum wage

25    and overtime compensation in amounts to be determined at trial, and are entitled to recovery of

26    such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor

27    Code section 1194 .

28

- 10 -

EXHIBIT A

1    37.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

2  described herein and below.

**Second Cause of Action**
Failure to Provide Lawful Meal Periods
Or Compensation in Lieu Thereof
(Lab. Code §§ 226.7, 512, IWC Wage Orders)
(Against All Defendants)

6    38.    Plaintiff repeats and incorporates herein by reference each and every allegation

7  set forth above, as though fully set forth herein.

8    39.    By failing to provide 30-minute uninterrupted meal periods for days on which

9  Non-Exempt employees work(ed) work periods more than 5 hours and failing to provide

10  compensation for such statutorily non-compliant meal periods, Defendant violated the provisions

11  of Labor Code § 512 and applicable IWC Wage Orders.

12    40.    By failing to provide 30-minute uninterrupted meal periods for days on which

13  Non-Exempt employees work(ed) work periods more than 10 hours and failing to provide

14  compensation for such statutorily non-compliant meal periods, Defendant violated the provisions

15  of Labor Code § 512 and applicable IWC Wage Orders.

16    41.    By failing to record and maintain adequate and accurate time records according to

17  sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class

18  Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff

19  and Class Members.

20    42.    As a result of the unlawful acts of Defendants, Plaintiff, and the Class he seeks to

21  represent, have been deprived of premium wages in amounts to be determined at trial, and are

22  entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §

23  226.7.

24    43.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

25  described herein and below.

26

27

28

- 11 -

EXHIBIT A

1

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§ 226.7, IWC Wage Orders)
(Against All Defendants)

2

3

4     44.     Plaintiff repeats and incorporates herein by reference each and every allegation

5  set forth above, as though fully set forth herein.

6     45.     By failing to provide a minimum ten (10) minute rest period for every four hours

7  or major fraction thereof worked per day by Non-Exempt Employees, and failing to provide

8  compensation for such non-compliant rest periods, as alleged above, Defendants willfully

9  violated the provisions of Labor Code § 226.7 and IWC applicable Wage Orders.

10    46.     As a result of the unlawful acts of Defendants, Plaintiff, and the Class he seeks to

11  represent, have been deprived of premium wages in amounts to be determined at trial, and are

12  entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §

13  226.7.

14    47.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

15  described herein and below.

16

**Fourth Cause of Action**
Failure to Reimburse Employee Expenses
(Lab. Code § 2802)
(Against All Defendants)

17

18

19    48.     Plaintiff repeats and incorporates herein by reference each and every allegation

20  set forth above, as though fully set forth herein.

21    49.     By their policy of requiring Plaintiff and the "Expense Reimbursement Class" to

22  utilize their personal cell phones for business purposes and failing to reimburse Plaintiff and the

23  "Expense Reimbursement Class" for phone usage, Defendants willfully violated the provision of

24  Labor Code § 2802 and IWC applicable Wage Orders.

25    50.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

26  represent are entitled to recovery of full amount of expenses incurred plus interest, attorneys'

27  fees, and costs, under Labor Code § 2802.

28

- 12 -

EXHIBIT A

51.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Fifth Cause of Action**
Failure to Timely Pay Wages During Employment
(Lab. Code § 204)
(Against All Defendants)

52.     Labor Code § 204 requires that all wages are due and payable twice in each calendar month. The wages required by Labor Code §§ 226.7, 510, 1194, 1197 and other sections became due and payable to Plaintiff and Class Members in each month that he or he was not paid all lawful wages owed or provided with lawful meal period or rest period to which he or he was entitled. Defendants violated Lab. Code § 204 by failing to pay said wages when they were due and payable.

53.     Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

54.     For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

55.     For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

56.     As a result of the unlawful acts of Defendants alleged herein, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties.

57.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Sixth Cause of Action**
Failure to Timely Pay Wages Due at Termination
(Lab. Code §§ 201-203)
(Against All Defendants)

- 13 -

EXHIBIT A

58.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

59.     Sections 201 and 202 of the California Labor Code require Defendant to pay its employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

60.     As alleged herein, affected class members are entitled to compensation for all forms of wages earned, including, overtime compensation, minimum wage, correct sick pay wages and compensation for non-provided rest and meal periods but to date have not received such compensation therefore entitling them Labor Code section 203 penalties.

61.     More than 30 days have passed since Plaintiff and affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code § 203. As a consequence of Defendant's willful conduct in not paying all earned wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages.

62.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Seventh Cause of Action**
Knowing and Intentional Failure to Comply With Itemized Employee
Wage Statement Provisions
(Lab. Code § 226(b))
(Against All Defendants)

63.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein

64.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an

- 14 -
CLASS ACTION COMPLAINT

EXHIBIT A

1   itemized wage statement, and must show all deductions and reimbursements from payment of

2   wages, and accurately report total hours worked by Plaintiff and the members of the proposed

3   class. On information and belief, Defendants have failed to record all or some of the items

4   delineated in Industrial Wage Orders and Labor Code § 226.

5        65.    Plaintiff and Class Members have been injured by Defendants' actions by

6   rendering them unaware of the full compensation to which they were entitled under applicable

7   provisions of the California Labor Code and applicable IWC Wage Orders.

8        66.    Pursuant Labor Code § 226, Plaintiff and Class Members are entitled up to a

9   maximum of $4,000.00 each for record-keeping violation.

10       67.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

11  described herein and below.

**Eighth Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
<u>(Against All Defendants)</u>

15       68.    Plaintiff repeats and incorporates herein by reference each and every allegation

16  set forth above, as though fully set forth herein.

17       69.    Business & Professions Code Section 17200 provides:

As used in this chapter, unfair competition shall mean and include any ***unlawful***,
***unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or
misleading advertising and any act prohibited by Chapter 1 (commencing with
Section 17500) of Part 3 of Division 7 of the Business and Professions Code.)
(Emphasis added.)

21       70.    Defendant's violations of the Labor Code and Wage Order provisions set forth

22  above constitute unlawful and/or unfair business acts or practices.

23       71.    The actions of Defendant, as alleged within this Complaint, constitute false,

24  fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of

25  Business and Professions Code section 17200, et seq.

26       72.    Plaintiff and Class Members have been personally aggrieved by Defendant's

27  unlawful and unfair business acts and practices alleged herein.

28       73.    As a direct and proximate result of the unfair business practices of Defendant, and

- 15 -

EXHIBIT A

each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein.

74.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

## VII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That the Court determine that this action may be maintained as a class action;

2.  For compensatory damages in an amount according to proof with interest thereon;

3.  For economic and/or special damages in an amount according to proof with interest thereon;

4.  For premium wages pursuant to Labor Code §§ 226.7 and 512;

5.  For premium pay and penalties pursuant to Labor Code § 203;

6.  For attorneys' fees, interests and costs of suit under Labor Code §§ 226, 1194;

7.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: September 16, 2022                          JAMES HAWKINS, APLC

James R. Hawkins
Isandra Y. Fernandez, Esq.
Kacey E. Cook, Esq.
Anthony L. Draper, Esq.
Attorneys for Plaintiff
Steven Thomas Attebery

- 16 -

CLASS ACTION COMPLAINT

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>**Civil Unlimited Department, Central Division**<br>1130 "O" Street<br>Fresno CA 93724-0002<br>(559)457-1900 | FOR COURT USE ONLY<br><br>Filed<br>  Fresno County |
|---|---|
| TITLE OF CASE:<br><br>**Steven Atebery vs US Foods, Inc./CLASS ACTION** | September 22, 2022<br>By System |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT<br>OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>**22CECG02944** |

Name and address of person served:

**James Hawkins APLC<br>9880 Research Dr., Suite 200<br>Irvine, CA 92618**

> This case has been assigned to Judge **Rosemary McGuire** for **all purposes.**
> All future hearings will be scheduled before this assigned judge, in **Department 502.**

You are required to appear at a Case Management Conference on **1/11/2023** at **3:30 PM** in **Dept. 502** of the court located at **1130 "O" Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found in the internet or the local phone book).

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at **Fresno**, California, on:

**Date: September 22, 2022**            Clerk, by _____ ,Deputy

**NOTICE:** The name and address listed above is the address on file with Fresno Superior Court. All notices will be mailed to you at this address, unless you contact the court at the telephone number listed above. If your address changes during the course of this case, you must file and serve a Notice of Change of address and Telephone Number form. If the law firm is the attorney of record and the attorney to whom notices are to be sent within the firm changes, you must file a Designation of Attorney form pursuant to Local Rule 3.16. This form is available on the court's website: http://www.fresno.courts.ca.gov/forms/

| BCV-48A R04-08 | **NOTICE OF CASE MANAGEMENT CONFERENCE AND<br>ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | Local Rule 2.1 |
|---|---|---|

EXHIBIT A